HOLLOWAY, Circuit Judge,
concurring and dissenting:
I
I join Part II-B of the majority opinion affirming the dismissal of the medical *1253 monitoring claims. However, I must respectfully dissent from Part II-A of the majority opinion to the extent that it affirms the district judge’s grant of summary judgment on the personal injury claims of the plaintiffs with thyroid disease.
I acknowledge that the thyroid disease plaintiffs did not timely argue before the district judge that they had produced sufficient evidence of but-for causation. And as the majority indicates on p. 1247 of their opinion, “[ajbsent special circumstances, we will not reverse on a ground not raised below.” Hutton Contracting Co. v. City of Coffeyville, 487 F.3d 772, 782 (10th Cir.2007). However, assuming that the but-for issue was not raised below, I am convinced that “special circumstances” are present here. Therefore, I conclude that we should exercise our discretion to reverse the district judge’s erroneous determination that the thyroid disease plaintiffs did not produce sufficient evidence of but-for causation.
II
“Whether to address the argument despite the litigant’s failure to raise it below is subject to this court’s discretion based on the circumstances of the individual case.” United States v. Jarvis, 499 F.3d 1196, 1202 (10th Cir.2007) (citing Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). We have exercised this discretion where the argument “involves a pure matter of law and the proper resolution of the issue is certain.” Id. “We have justified our decision to exercise discretion in these situations because no additional findings of fact or presentation of evidence were required for the issue’s disposition and both parties had the opportunity to address the issue in their appellate briefing.” Id. The circumstances of the case before us clearly support the exercise of our discretion to address whether the thyroid disease plaintiffs produced sufficient evidence of but-for causation.
First, whether the thyroid disease plaintiffs presented sufficient evidence of but-for causation to survive summary judgment is a legal question. See Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1018 (8th Cir.2005) (“[Tjhe focus of inquiry at the summary judgment stage always remains on the ultimate question of law: whether the evidence is sufficient to create a genuine issue of fact .... ” (internal quotations omitted)); 9B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2524, at 232 (3d ed. 2008) (“It has long been established ... that whether the evidence presented at trial is sufficient to create an issue of fact for the jury ... is solely a question of law .... ”); see also Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1215 (10th Cir.1999) (Lucero, J., dissenting) (indicating that whether sufficient evidence has been presented to survive summary judgment is a legal question). Further, if the thyroid plaintiffs had argued that they produced sufficient evidence of but-for causation, and the district judge had rejected that argument, we would review that rejection de novo. See Jarvis, 499 F.3d at 1202 (finding a “pure issue of law” and stating that “[hjad the trial court been given the opportunity to rule [on the issue first presented on appeal], our review would be de novo, just as it is now”); Navair, Inc. v. IFR Ams., Inc., 519 F.3d 1131, 1137 (10th Cir.2008) (“We review a grant of summary judgment de novo.”).
Second, taking the evidence in the light most favorable to the thyroid disease plaintiffs, I am convinced that those plaintiffs produced sufficient evidence of but-for causation to survive summary judgment. The thyroid disease plaintiffs relied on the expert opinion of Dr. Inder Chopra as evidence that the defendants’ operations *1254 were a but-for cause of their injuries. Dr. Chopra opined that “[i]t is more probable than not that each of these two sources [i.e., the Nevada Test Site radiation and the radiation from the defendants’ uranium operations] of itself was a substantial contributing factor to each Plaintiffs thyroid disease, without which the Plaintiff’s respective thyroid disease would not have happened.” Aplt.App., Vol. XII at 2131-32 (Affidavit of Inder Chopra, M.D.) (emphasis added); see also id. Vol. XIII at 2295 (Deposition of Inder Chopra, M.D.) (“When I use in this particular case that radiation was a substantial factor contributing to occurrence of their medical-the illness that we are talking about, in my mind, I am thinking that if they had not been exposed to radiation, there is small or-probably they would not have-the disease would not have occurred in them.”).
Third, the circumstances of this case fit squarely into our rationale for addressing unraised legal questions whose resolution is certain. No additional findings of fact or presentation of evidence would be required to determine whether sufficient evidence of but-for causation was presented by the thyroid disease plaintiffs. And both parties have thoroughly taken advantage of the opportunity to address whether the thyroid disease plaintiffs produced sufficient evidence of but-for causation in their appellate briefing.
Therefore, although the thyroid disease plaintiffs did not timely argue before the district judge that they had sufficient evidence of but-for causation, I am convinced we should exercise our discretion to consider and correct the district judge’s error in holding that those plaintiffs did not present sufficient evidence of but-for causation to survive summary judgment. Accordingly, I must respectfully dissent from the majority’s ruling affirming the summary judgment against the personal injury claims of the thyroid disease plaintiffs.